## In re HILT.[1]

(Circuit Court, S. D. New York. November, 1880.)

ELECTIONS—REGISTRATION.

    The facts that the state inspector refused to allow a voter to be registered, in consequence of the United States supervisor having previously expressed the opinion that the voter was not qualified, and that the supervisor refused to return his certificate of naturalization, do not make a case for an application to the United States court for a warrant against the supervisor, but the remedy is by an application to a state court for a mandamus to the inspector.

Application to the Circuit Court for a Warrant for the Arrest of William Hilt, Jr.

E. Ellery Anderson and Geo. W. Wingate, for the application.

Before BLATCHFORD, Circuit Judge, and CHOATE, District Judge.

BLATCHFORD, Circuit Judge. The affidavit or complaint in this matter is entitled in the circuit court, which has cognizance of all crimes and offenses against the elective franchise specified in the Revised Statutes of the United States. We deem it proper to consider it as though presented to the court held by both judges. The United States circuit court having power to delegate to the district judge the exercise of its jurisdiction in certain cases, I have so delegated to the district judge the exercise of all necessary powers, for the reason that questions may arise which will require immediate action, and we deem it proper to have concurrent action. This complaint was laid before United States Commissioner Osborn, and, after consultation with the district attorney, it was referred to this court. The application is for a warrant of arrest against William Hilt, Jr., for an alleged offense against section 5506 of the Revised Statutes. This section provides:

    "That any person who by any unlawful means hinders, delays, prevents or obstructs, or combines and confederates with others to hinder, delay, prevent or obstruct, any citizen from doing any act required to be done to qualify him to vote, or from voting at any election in any state, * * * shall be fined not less than $500, or be imprisoned not less than one month, nor more than one year, or be punished by both such fine and imprisonment."

    It is stated and assumed that this application is intended to bring up questions in relation to supervisors of election, acting under instructions of the chief supervisor. We are of opinion that this complaint does not authorize the issuing of any warrant. It appears that Walsh came here in 1857, being about 11 years of age; that he resided in the state of New York for more than one year before 1868, and in the United States since 1857; that he was naturalized in September, 1868, in the supreme court of the state of New York, and presented himself on the 5th of October, 1880, at the proper

---

    [1] This case has been heretofore reported in 9 Abb. N. C. 484, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases.

place of registration, and asked to be registered,—that is to say, he asked the state inspector to register him. He placed his certificate in the hands of the inspectors. Hilt is a supervisor, and was present and engaged in the discharge of his duties. One of the inspectors, after examining the certificate, handed it to him. It further appears that Hilt told the complainant that he could not vote on this certificate, and that Hilt refused to return it, after demand, to the complainant; and it is alleged that in consequence of Hilt's action he could not register or vote. Hilt's alleged offense appears to have been telling the complainant that he could not register, and retaining the complainant's certificate. It appears that the inspector examined the certificate; that upon what he saw and learned otherwise he refused to permit Walsh to register. There is nothing in this that makes out any offense against Hilt, or that makes him guilty of hindering the plaintiff from registering. From this affidavit it does not appear that Hilt had anything to do whatever with his registering. His expression of opinion is no obstruction. The inspectors seem to have refused to register the plaintiff, and his remedy is by a mandamus in the state courts. So far as retaining the certificate of naturalization is concerned, that fact is not an obstruction. It was the act of the inspectors in refusing to register the complainant after examining the certificate which prevented the registration of the plaintiff. The withholding of the certificate by Hilt was not, therefore, the cause of his failure to procure registration. The facts in this case do not bring up the question of the right of the supervisor to take the paper. On the face of the application, there is no case shown for the issuing of a warrant, and the application is therefore denied. This court will be prepared, however, at all times to act promptly and to take any necessary action in matters of this kind.

Mr. ANDERSON. The combined act of the inspector and supervisor in taking from the complainant his certificate, and thereby making it necessary for him to apply to the state court for a mandamus in order to enforce his right of registration, was clearly a hindrance and obstruction.

BLATCHFORD, Circuit Judge. The act complained of, having originated with the inspector, was one that concerned a local state officer, over whom the court do not deem it proper to assume jurisdiction.